# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| AGRIPROCESSORS, INC., | : | BANKRUPTCY |
| | : | NO. 08-02751 |
| Debtor. | : | |
| | : | |
| JOSEPH E. SARACHEK, in his | : | |
| Capacity as CHAPTER 7 TRUSTEE, | : | ADVERSARY |
| | : | NO. 10-09190 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| ZALMAN SCHOCHET, | : | |
| | : | |
| Defendant. | : | |

**ORDER ON MOTION TO DISMISS (ECF Doc. # 8)**

This matter is before the Court on Defendant's Motion to Dismiss. The Court held a hearing on the Motion. Desiree Kilburg appeared on behalf of Plaintiff, Joseph E. Sarachek, the Chapter 7 Trustee. Christopher Fry appeared on behalf of Defendant, Zalman Schochet. The Court heard argument and took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), and (O).

### STATEMENT OF THE CASE

Trustee filed a Complaint to avoid fraudulent conveyances and preferential transfers. Defendant filed a Motion to Dismiss arguing that the Complaint

insufficiently pled the causes of action because it did not allege that Defendant was the initial transferee of the funds. Defendant argues this omission establishes that Defendant did not have sufficient dominion and control over the funds to be liable for the transfer under § 550(a). Defendant also argues that should the Court find the Complaint is adequate the Court should treat the Motion to Dismiss as a Motion for Summary Judgment, taking into consideration Defendant's affidavit. The affidavit states that he never exercised dominion and control over the funds, but instead placed them in a client trust account and awaited further instructions from Defendant before paying the funds to someone else.

The Court denies the Motion to Dismiss and request for summary judgment. The Complaint adequately pleads both fraudulent conveyance and preferential transfer claims. The record needs to be further developed to reflect whatever additional evidence there is supporting and/or contradicting Defendant's "initial transferee" defense.

## BACKGROUND

Debtor, Agriprocessors, Inc., owned and operated one of the nation's largest kosher meatpacking and food-processing facilities in Postville, Iowa. On November 4, 2008, Debtor filed a Chapter 11 petition in the Bankruptcy Court for the Eastern District of New York. Debtor's bankruptcy petition and accompanying documents recited that its financial difficulties resulted from a raid conducted by

U.S. Immigration and Customs Enforcement. A total of 389 workers at the Postville facility were arrested. The raid led to numerous federal criminal charges, including a high-profile case against Debtor's President, Sholom Rubashkin. Debtor's Petition also stated it had over 200 creditors and liabilities in excess of $50,000,000.00.

The court eventually approved the appointment of Joseph E. Sarachek as the Chaper 11 trustee. The court concluded that appointing a trustee was necessary in part "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management" under § 1104(a)(1). After hearings in a later proceeding, the Bankruptcy Court for the Eastern District of New York transferred the case to this Court where it was eventually converted the case to a Chapter 7 bankruptcy. Mr. Sarachek was retained as the Chapter 7 Trustee.

Trustee filed approximately 150 adversary proceedings in the bankruptcy case. In numerous hearings and filings with the Court, Trustee has noted the many challenges and difficulties investigating the claims, most resulting from the raid and subsequent proceedings. Key people were incarcerated and/or were unwilling to talk. Documents were difficult to locate and to understand without the availability and cooperation of many key plant employees. One of the adversaries Trustee filed was the two-count Complaint here.

Trustee brought this Adversary against Zalman Schochet, a licensed New York attorney, on November 1, 2010. The adversary seeks to avoid fraudulent conveyances and preferential transfers made by Debtor to Defendant. The Complaint alleges Defendant received payments totaling $43,000.00 in the two-year period before Agriprocessors' bankruptcy filing.

In support of the fraudulent conveyance claim, Trustee alleges: "Within the two years before the Petition Date, Defendant received three payments, detailed on Exhibit 'A,' attached hereto, from the Debtor for less than a reasonably equivalent value in exchange for such transfers." (Complaint, ECF Doc. No. 1, at ¶8.) Trustee alleges Debtor was insolvent at the time and that the payments constituted recoverable fraudulent conveyances under 11 U.S.C. § 548. Trustee sought to recover the value of the fraudulent conveyances.

The Trustee brought a second count seeking to set aside preferential transfers. Trustee alleges: "To the extent that Defendant provided consideration for the payments, the payments constituted transfers of an interest of the Debtor in property for or on account of an antecedent debt owed by the Debtor before such transfers were made." (Complaint, ECF Doc. No. 1, at ¶12.) Trustee alleges Debtor was insolvent at the time these transfers were made and further alleges:

> The payments constituted transfers of an interest of the Debtor in property that enabled Mr. Schochet, a creditor, to receive more than such creditor would have received if the transfers had not been made and the creditor had received payment of his debt to the extent

4

provided by the provisions of Title 11 because the Debtor's liabilities far exceeded its assets both at the time of the transfers and at the time of the Petition Date.

(Id. at ¶14.) Trustee seeks to recover the value of the preferential transfers.

Exhibit A shows the following payments were made from Agriprocessors to Defendant:

| Amount | Check No. | Date | Cleared |
|---|---|---|---|
| $ 11,000.00 | 43118 | 06/13/2008 | 06/17/2008 |
| $ 10,000.00 | 42971 | 06/09/2008 | 06/18/2008 |
| $ 22,000.00 | 43553 | 06/26/2008 | 07/02/2008 |
| **Total: $ 43,000.00** | | | |

## THE PARTIES' ARGUMENTS

Defendant argues the Complaint must be dismissed because it fails to show Trustee can recover the funds from Debtor. Defendant argues that while Trustee alleges Defendant received payments totaling $43,000 from Agriprocessors, Trustee does not allege Defendant was the "initial transferee" or otherwise exercised dominion and control over the payments from Agriprocessors. (Mt. Dismiss, ECF Doc. No. 8-1, at 3.) Defendant argues he simply placed the funds in Agriprocessors' trust account, awaiting instructions from the debtor and that he cannot be held liable for that act. Defendant also alleges that, "to the extent the

5

Court finds Defendant's motion requires it to look outside the pleadings, Defendant hereby moves for summary judgment in his favor and against Plaintiff." (Mt. to Dismiss, ECF Doc. No. 8, at 1.)

In support of the Motion, and to prove that Defendant did not exercise dominion and control over the funds, Defendant includes a two-page affidavit. Defendant swears in the affidavit that he maintains a trust account at Chase Bank, pursuant to his duty as a practicing attorney in the State of New York. Defendant states: "In the summer of 2008, I received the three checks identified in Exhibit A to Plaintiff's complaint from Agriprocessors and deposited them into" his trust account. (Schochet Aff., ECF Doc. No. 11, at 1 – 2.) He states that he held the funds in the trust account until Debtor directed him to use the funds to pay mortgage taxes owed to Imperial Abstract. He then states:

> 5. I issued two checks from my trust account to Imperial Abstract to pay mortgage taxes. The first check was dated June 26, 2008 and was in the amount of $31,000. The second check was dated June 30, 2008 and was in the amount of $22,000. See Checks, attached hereto as Exhibit A.
> 6. The $10,000 difference between the $53,000 paid in mortgage taxes and the $43,000 I received from Agriprocessors and deposited into my trust account was covered by a $10,000 deposit into my trust account from Agriprocessor's [sic] lender.
> 7. I never transferred any of the $43,000 I received from Agriprocessors from my trust account to a personal account, nor did I ever put any of the $43,000 I received from Agriprocessors to my own personal use. I merely held the money in my trust account and used it to pay mortgage taxes at the direction of Agriprocessors.

6

(Schochet Aff., ECF Doc. No. 11, at 2.)  Exhibit A is copies of the front of the two checks.

Trustee argues his pleadings sufficiently allege facts indicating that Defendant is the initial transferee.  Trustee argues the Complaint is sufficiently pled to put Defendant on notice of what the claim is under Twombly.  Defendant argues his Complaint meets the pleading requirements because it, "alleges Defendant received three check payments from the Debtor", "details the transfers by check date, number, and date cleared", and "states Defendant received the payments from the Debtor." (Resistance, ECF Doc. No. 13, at 3.)  Trustee asserts that Defendant's claims serve as a defense to the causes of action pled, but do not nullify the validity of the claims at the pleading stage.

With regards to Defendant's alternative request for summary judgment, Trustee argues that there are material issues concerning whether Defendant paid these particular funds to a subsequent transferee, whether Defendant acted in good faith, whether Defendant was paid the funds for a legitimate or fraudulent purpose, whether Debtor received value in return for the payments, and whether Defendant is an "insider" under 11 U.S.C. § 101(31).  Trustee believes he should be given the opportunity to engage in discovery to develop a factual record.

## DISCUSSION

### A. Standard of Review

7

The Bankruptcy Rules make Federal Rule of Civil Procedure 8 applicable in adversary proceedings. Fed. R. Bankr. P. 7008(a). Federal Rule of Civil Procedure 8, "General Rules of Pleadings," states:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim need no new jurisdictional support;
> (2) A short and plain statement of the claim showing that the pleader is entitled to relief, and
> (3) A demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Turkish Coalition of Am., Inc. v. Bruininks, 678 F.3d 617, 623 (8th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see Sarachek v. The Rigth Place, Inc. (In re Agriprocessors, Inc.), Ch. 7 No. 08-2751, Adv. No. 10-9123, 2011 WL 4621741, at *3 (Bankr. N.D. Iowa Sept. 30, 2011). When evaluating a Rule 12(b)(6) motion, this court views factual allegations in the complaint in the light most favorable to the non-moving party. Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 715 – 16 (8th Cir. 2011). There are, however, two constraints on this principle:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Second, only a

8

> complaint that states a plausible claim for relief survives a motion to dismiss . . . where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "show[n]" – "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Iqbal, 556 U.S. at 678 – 79 (citations omitted). Moreover, "some factual allegations may be so indeterminate that they require 'further factual enhancement' in order to state a claim." Braden v. Wal-Mart Stores, Inc., 588 F.3d 858, 594 (8th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

> Rule 12(d) of the Federal Rules of Civil Procedure provides:
>
> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. **All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.**

Fed. R. Civ. P. 12(d) (emphasis added).

> "Rule 12(d) is not permissive. '[T]he motion shall be treated as one for summary judgment . . . .' Id. (emphasis added). "Most courts . . . view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992) (quoting Wright & Miller, Federal Practice & Procedure § 1366). This interpretation of the rule is 'appropriate in light of our prior decisions indicating a 12(b)(6) motion will succeed or fail based upon the allegations contained in the face of the complaint." Gibb, 958 F.2d at 816. There must be reliance by the district court on the matters outside the pleading before it can be said that a motion to dismiss has been converted into one for summary judgment. Casazza v. Kiser, 313 F.3d 414, 418 (8th Cir. 2002).

BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685 (8th Cir. 2003).

9

> "If on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id. "[C]onstructive notice that the court intends to consider matters outside the complaint can be sufficient." Country Club Estates, LLC v. Town of Loma Linda, 213 F.3d 1001, 1005 (8th Cir. 2000). "Consideration of matters outside the pleading is harmless where the nonmoving party had an adequate opportunity to respond to the motion and material facts were neither disputed nor missing from the record." BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 688 (8th Cir. 2003) (internal quotation omitted).

Van Zee v. Hanson, 630 F.3d 1126, 1128 – 29 (8th Cir. 2011).

Summary Judgment is governed by Federal Rule of Bankruptcy Procedure 7056. Rule 7056 applies Federal Rule of Civil Procedure 56 in adversary proceedings. Rule 56 states, in relevant part, that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The granting of "[s]ummary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." Hayek v. City of St. Paul, 488 F.3d 1049, 1054 (8th Cir. 2007). Summary judgment is appropriate when only questions of law are involved. Anderson v. Hess Co., 649 F.3d 891, 894 (8th Cir. 2011).

The burden of showing there are no genuine issues of material fact belongs to the moving party. Winthrop Res. Corp. v. Eaton Hydraulics, Inc., 361 F.3d 465, 468 (8th Cir. 2004). "Once the movant has supported the motion, the non-moving party 'must affirmatively show that a material issue of fact remains in dispute and may not simply rest on the hope of discrediting the movant's evidence at trial.'" In re Houston, 385 B.R. 268, 271 (Bankr. N.D. Iowa 2008) (quoting Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996)).

"A 'material' fact is one 'that might affect the outcome of the suit under the governing law . . . .'" Johnson v. Crooks, 326 F.3d 995, 1005 (8th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material fact is genuine if a reasonable fact-finder could return a verdict for the nonmoving party on the question. Anderson v. Liberty Lobby, Inc., 477 U.S. at 252. Evidence that raises only "some metaphysical doubt as to the material facts" does not create a genuine issue of fact. Matsushita Elec. Indus. Co. v. Zenith Radio, Corp., 475 U.S. 573, 583 (1986).

When an action's record is inadequate or incomplete, summary judgment is not appropriate. Lovell v. Iowa Student Loan Liquidity Corp. (In re Lovell), Bankr. No. 10-02702, Adv. No. 11-09022, 2012 WL 1252594, at *6 (Bankr. N.D. Iowa Apr. 13, 2012); see In re Huynh, 368 B.R. 838, 845 (Bankr. D. Minn. 2007); Duluth News-Tribune v. Medure, 808 F. Supp. 671, 676 (D. Minn. 1992); Missouri

Pacific R. Co. v. United Transp. Union Gen. Com., 580 F. Supp. 1490, 1509 (E.D. Mo. 1984).

### B. Motion to Dismiss

To sufficiently plead a fraudulent transfer claim under § 548 the Complaint must allege: "'(1) the property subject to the transfer, (2) the timing and, if applicable, frequency of the transfer and (3) the consideration paid with respect thereto.'" In re Bernard L. Madoff Inc. Securities, LLC, 440 B.R. 243, 254 – 55 (Bankr. S.D.N.Y. 2010) (quoting Pereira v. Grecogas Ltd., et. al. (In re Saba Enters., Inc.), 440 B.R. 243, 254 (Bankr. S.D.N.Y. 2009)). Plaintiff must plead a plausible set of facts to establish a voidable fraudulent transfer.

The elements of a preference that must be pled to state a sufficient claim for relief are similarly clear:

> Even before the Iqbal and Twombly decisions, courts required that to survive a motion to dismiss, a preference complaint must allege more than just the statutory elements of a preference and must include: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date [of the transfer], (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer."

Gellert v. The Lanick Co. (In re Crucible Materials, Corp.), Bank. No. 09-11582, Adv. No. 10-55178, 2011 WL 2669113, at *2 (Bankr. D. Del. July 6, 2011) (quoting OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.), 340 B.R. 510, 522 (Bankr. D. Del. 2006)). In addition to

establishing a voidable claim (fraudulent transfer or preference), Plaintiff must show a right to recover the voidable transfer. The pertinent statute, 11 U.S.C. § 550(a), provides:

> Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from –
> (1)   The initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> (2)   Any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550.

The arguments presented by Defendant relate only to the Trustee's ability to recover the funds under § 550 – not whether Trustee has properly pled the elements of an avoidable transfer under § 548 or 547. Defendant asserts he could not be the initial transferee because he acted only in the special capacity as an attorney holding client funds:

> "[E]ven entities that have special legal relationships with the debtor-transferor can be initial transferees when they do, in fact, take legal control of an avoidable transfer; for example when they receive assets directly from the debtor-transferer as compensation for services or in payment of a genuine debt. See, e.g., Arab Banking, 904 F.2d at 599 – 600 (finding that a bank was the initial transferee of funds transferred for the express purpose of paying off loan principal owed to the bank). In these situations, the fiduciary or agent does exercise legal control over the transferred assets because they immediately become its own assets and are not simply held for its client's purposes. See id. Where a fiduciary, agent, or other entity with legal obligations to the debtor-transferor is the recipient of an avoidable transfer, the control test turns on the recipient's legal rights and

13

obligations toward the transferred assets, not simply their legal relationship with the debtor-transferor or the ultimate use of the assets. To ascertain these rights and obligations, and decide whether such a recipient is an initial transferee under 11 U.S.C. § 550, courts must look at all the circumstances of the transactions that resulted in the avoidable transfer. See Societe Generale, 848 F.2d at 1199; Bonded Fin. Serv., 838 F.2d at 893.

In re Pony Exp. Delivery Sev., Inc., 440 F.3d 1296, 1301 (11th Cir. 2006).

This Court recently considered § 550(a) in another adversary case in this bankruptcy, Sarachek v. Wahls (In re Agriprocessors, Inc.), Bankr. No. 08-2751, Adv. No. 10-09196, 2012 WL 1945701 (Bankr. N.D. Iowa May 30, 2012). This Court's discussion relevant to this case follows:

> Liability for a transfer is governed by 11 U.S.C. § 550. That section is entitled "Liability of transferee of avoided transfer" and states:
>
> > Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, **the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from –** (1) the initial transferee of such transfer or **the entity for whose benefit such transfer was made**; or (2) any immediate or mediate transferee of such initial transferee.
>
> 11 U.S.C. § 550(a) (emphasis added).
>
> > Although the Bankruptcy Code does not define 'transferee', and there is no legislative history on the point, we think the minimum requirement of status as a 'transferee' is dominion over the money or other asset, the right to put the money to one's own purposes. When

14

> A gives a check to B as agent for C, then C is the 'initial transferee'; the agent may be disregarded.

Bonded Fin. Servs., Inc. v. European Am. Bank, 838 F.2d 890, 893 (7th Cir. 1988); see In re Incomnet, Inc., 463 F.3d 1064, 1070 (9th Cir. 2006). "Under the explicit provisions of § 550, a money judgment may be awarded not only against the transferee of fraudulently conveyed property but also against any entity for whose benefit the transfer was made. The Code does not restrict recovery to those persons or entities receiving the property." In re Ohio Corrugated Co., 70 B.R. 920, 924 (Bankr. N.D. Ohio 1987).

"Bankruptcy courts have consistently held that 11 U.S.C. § 550 'is designed to restore the estate to the financial condition that would have existed had the transfer never occurred.'" Kingsley v. Wetzel (In re Kingsley), 518 F.3d 874, 877 (11th Cir. 2008) (quoting In re Sawran, 359 B.R. 348, 354 (Bankr. S.D. Fla. 2007)); see Butler v. Lejcar (In re Butler), 171 B.R. 321, 327 (Bankr. N.D. Ill. 1994) (after determining a § 548 avoidance the court must next analyze whether the trustee can recovery the property from the party). "'In fraudulent transfer actions, there is a distinction between avoiding the transaction and actually recovering the property or the value thereof.'" Kingsley, 518 F.3d at 877 (quoting In re Int'l Admin. Servs., 408 F.3d 689, 703 (11th Cir. 2005)). "While the language of section 550(a) does not appear to present an exception to recovery of a preference under section 547, courts have held that it does provide a defense to a preference action for parties who act as a mere conduit in receiving a transfer solely for another and not for their own benefit." Argus Mgmt. Group v. GAB Robins, Inc. (In re CVEO Corp.), 327 B.R. 210, 216 (Bankr. D. Del. 2005).

However, "a 'transferee' must . . . be something different than a mere 'holder,' 'possessor,' or 'agent' and cannot be treated for purposes of recovery under § 550(a) as 'anyone who touches the money.'" Miller v. T.C. Sheet Metal Control Bd. Trust Fund (In re Curran V. Nielsen Co., Inc.), No. 4-92-6328, 1995 WL 711268, at *3 (Bankr. D. Minn. Nov. 29, 1995) (quoting Bonded Fin. Servs., 838 F.2d at 894). "A party who serves as a mere intermediary is not an initial transferee because it holds the funds 'only for the purpose of fulfilling an instruction to make the funds available to someone else.'" Id. at 893 (citation omitted).

15

To be liable under 550(a), the party must have the right to exercise dominion and control over the funds.  See Luker v. Reeves (In re Reeves), 65 F.3d 670, 676 (8th Cir. 1995) ("At least seven other circuits have held that, to be an initial transferee, a party must have dominion and control over the transferred funds."); In re First Sec. Mtg. Co., 33 F.3d 42, 43 (10th Cir. 1994); In re Coutee, 984 F.2d 138, 140-41 (5th Cir. 1993); In re Bullion Reserve of N. Am., 922 F.2d 544, 549 n.3 (9th Cir. 1991) (listing cases); Lowry v. Sec. Pac. Data Prods. (In re Columbia Data Prods., Inc.), 892 F.2d 26, 29 (4th Cir. 1989); Bonded Fin. Servs. Inc., 838 F.2d at 893.

> "While courts have consistently held that the Bonded dominion and control test is the appropriate test to apply when determining whether a person or entity constitutes an initial transferee under § 550, those same courts have disagreed about the type of dominion and control that must be asserted." Bowers, 99 F.3d at 155.  While "some courts have held that a principal or agent acting in his or her representative capacity is an initial transferee where that person exercised physical control over the funds," most courts require more than mere physical dominion or de facto control over the fraudulently transferred funds. Id. (citations omitted).  For example, some "courts have required the principal or agent to have *legal* dominion and control over the funds transferred in order to constitute the initial transferee of the funds."  Id. (citations omitted).  These courts have held that the dominion and control test requires that the initial transferee have '**the right** to put those funds to one's own purpose.' Id. at 156 (quotation omitted).

718 Arch St. Assocs. v. Blatstein (In re Blatstein), 260 B.R. 698, 716–17 (E.D. Pa 2001) (emphasis added).  "A party that receives a transfer directly from the debtor will not be considered the initial transferee unless that party gains actual dominion and control over the money or other asset through the transfer."  In re Butler, 171 B.R. at 327.

"[C]ase law establishes the term [transferee] does not include a party who acts only as a conduit in a transfer and acquires no beneficial interest in the property." Brandt v. Hicks, Muse & Co. (In re Healthco Intern., Inc.), 195 B.R. 971, 982 (Bankr. D. Mass. 1996);

16

> see Rustoton v. Bevan (In re D.E.I. Sys., Inc.), No. 09-02082, 2011 WL 1261603, at *4 (Bankr. D. Utah Mar. 31, 2011) ("To qualify as a transferee, a party must acquire a beneficial interest in the property."). One court found that the question of "Defendant's power over the account raises a genuine issue of material fact." In re CVEO Corp., 327 B.R. at 217. As in In re CVEO Corp., there remains a genuine issue of fact on the question of the right of Garnavillo to exercise dominion and control over the funds at issue and thus the implications of 11 U.S.C. § 550.

Wahls, 2012 WL 1945701, at *3 – 4.

The Court concludes Trustee has alleged sufficiently plausible facts to plead that Defendant was the initial transferee. The Trustee alleged Defendant received the checks directly from Defendant. That is enough to plead the issue. As noted above, in order to ultimately determine if the Trustee has proven Defendant was the initial transferee or had dominion or control, the context and additional facts are required. This is not an issue properly determined at the motion to dismiss stage of the proceedings. In fact, because Defendant relies on information outside the pleadings, the Court need not even address it as a motion to dismiss. The Court may consider it under a summary judgment standard.

### C. Motion for Summary Judgment

Defendant argues that even if this motion is treated as one for summary judgment he still prevails. He asserts:

> [T]he Trustee has not set forth any specific facts, either by affidavit or otherwise, to support his assertions concerning the existence of a genuine issue of fact for trial. For purposes of Schochet's motion, the undisputed facts are that Schochet received three checks from Debtor,

17

Case 10-09190    Doc 17    Filed 09/14/12    Entered 09/14/12 16:14:29    Desc Main
               Document      Page 18 of 20

> deposited the checks into his attorney trust account, and paid the funds from his trust account to a mortgage company at the Debtor's direction. See Affidavit of Zalman Schochet, filed as Exhibit 1 to Defendant's Memorandum of Authorities in support of his Motion to Dismiss. From these undisputed facts, the Court cannot find that Schochet ever exercised dominion or control over the payments he received from Debtor, or put the payments to his own use, and thus cannot find that Schochet was the initial transferee of the payments. See e.g., Security First National Bank v. Brunson, 984 F.2d 138, 141 (5th Cir. 1993) (holding that law firm that deposited funds into its trust account was not initial transferee of funds because it had no legal right to put the funds to its own use). As a result, and to the extent the Court considers the last four paragraphs of Schochet's affidavit, the Court should treat Schochet's motion as a motion for summary judgment and enter summary judgment on the Trustee's claims to recover fraudulent conveyances or preferential transfers from Schochet.

(Reply Brief, ECF Doc. No. 14, at 4 – 5.)

Trustee disagrees and argues:

> Material issues of fact exist as to whether Defendant paid these particular funds to a subsequent transferee, and as to whether Defendant acted in good faith with respect to the transfer of funds in and out of his trust account. It is unclear whether Defendant paid the funds he received for a legitimate or fraudulent purpose. The Trustee has not yet had the opportunity to determine what, if any, relationship Defendant has with the company to which he subsequently transferred the funds. There is also fact issue with respect to whether the Debtor received value in return for the payments to Defendant. The Trustee is also investigating whether Defendant should be considered an "insider" within the meaning of § 101(31). The Trustee should be given the opportunity to engage in discovery to make these determinations and develop a factual record.
> The conduit defense raised by Defendant has a "good faith" element. Although an initial recipient of funds is not always an initial transferee within the meaning of the Bankruptcy Code, the party must have acted in good faith with respect to the relevant transaction because the party is effectively asking the court to ignore the literal

> meaning of the statutory language on equitable grounds. In re
> Harbour, 845 F.2d 1254, 1258 (4th Cir. 1998). When analyzing the
> applicability of this defense, courts examine "all the facts and
> circumstances surrounding a transaction to prevent recovery from a
> transferee innocent of wrongdoing and deserving of protection." In re
> Harwell, 628 F.3d 1312, 1322 – 23 (11th Cir. 2010). This requisite
> examination of facts by the court further underscores the necessity of
> developing a proper factual record before adjudication of this matter.
> . . . .
> Defendant's assertion of the conduit defense raises a host of
> factual issues that must be resolved before this Court can properly
> resolve the applicability of the defense. Even if the Court considers
> Defendant's Motion to Dismiss as a motion for summary judgment,
> these genuine issues of material fact preclude summary judgment at
> this time.

(Resistance Br., ECF Doc. No. 13, at 5 – 7.)

The Court agrees with Trustee that there are significant factual issues that must be further developed. When a party files a Motion for Summary Judgment shortly after the filing of a complaint, courts will often deny the motion to allow the parties further time to develop the factual record. "[I]t is likely that the parties will be able to develop the record sufficiently to allow further consideration of summary judgment on this issue at the appropriate time." In re Methyl Tertiary Butyl Ether (MTBE) Products, 457 F. Supp. 2d 455, 464 (S.D.N.Y. 2006). "When a motion for summary judgment is filed on the heels of the complaint, at a time when the only available resource for evaluating plaintiff's claims is the complaint, the motion is premature and should be considered under a Rule 12(b)(6) standard." In re Mitchell, 2012 WL 2974781, at *5 (Bankr. D. Mass. July 20, 2012) (quoting

19

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (indicating that summary judgment is appropriate after "adequate time for discovery")). Additional time is necessary to further develop the factual record, consistent with these cases. Accordingly, Defendant's request for Summary Judgment will also be denied.

**WHEREFORE,** Defendant's Motion to Dismiss is **DENIED**.

**FURTHER**, Defendant's Request for Summary Judgment is **DENIED**.

**FURTHER,** a Telephonic Scheduling Conference will be held on October 12, 2012 at 10:45 a.m. Plaintiff's counsel is responsible for initiating the telephone call. This hearing will be digitally recorded.

Dated and Entered: September 14, 2012

_____
**THAD J. COLLINS**
**CHIEF BANKRUPTCY JUDGE**